that the resolutions of Harris, Chipman, & Co. were recorded.

W. Munroe, for assignees of Cochrane.

F. S. Hesseltine, for Harris, Chipman, & Co.

J. R. Bullard and C. K. Fay, for holders of notes.

---

## Case No. 6,110.

### Ex parte HARRIS.

[3 N. Y. Leg. Obs. (1845) 152.]

District Court, D. Maine.

VOLUNTARY BANKRUPTCY—WITHDRAWAL OF PETITION—RIGHTS OF CREDITORS.

1. A voluntary petitioner for the benefit of the bankrupt law cannot withdraw his petition before a decree of bankruptcy, if any of the creditors oppose it, without showing good cause. Such a petitioner is deemed a bankrupt, within the purview of the law, from the time of the presentation of his petition, and before a decree of bankruptcy. He becomes personally subject to the jurisdiction of the court from the time of the presentation of his petition.

2. The creditors may intervene for their own interest as well before as after a decree.

3. The court has jurisdiction over the bankrupt's property from the time of filing the petition, and will, in a proper case, on the motion of creditors, interpose by injunction, or the appointment of a receiver, to prevent the property from being wasted.

4. If the bankrupt neglects to move for a decree of bankruptcy so that an assignee may be appointed, the creditors may move the court for that purpose.

The petitioner [Samuel Harris] filed this petition as a voluntary bankrupt for the benefit of the bankrupt act [of 1841 (5 Stat. 445)] on the fifth of July. Subsequently, on the 20th of August, and before the day for hearing, he filed another petition, stating that he had made arrangements with nearly all his

creditors to adjust and settle their claims, and prayed that he might have leave to withdraw his petition, or that it might be dismissed and no further action had thereon. On the day of hearing, Phillip Torry and three other creditors, who had proved their debts amounting in the whole to 1075 dollars, appeared and filed in writing objections to the allowance of the bankrupt's petition to withdraw, and prayed that due proceedings might be speedily had so that he might be duly decreed a bankrupt, and an assignee be appointed to take possession and administer the estate, and concluding with a motion that a decree of bankruptcy may be passed.

Willis and Preble, for bankrupt.
Mr. Haines, for creditors.

WARE, District Judge. The general question which has been argued in this case is whether a voluntary petitioner for the benefit of the bankrupt law can, after filing his petition and the publication of notice, and before a decree of bankruptcy, withdraw and discontinue his petition, so that no further proceedings can be had upon it, upon his own motion, when the creditors appear and oppose the withdrawal. The bankrupt, by filing his petition, submits himself personally to the jurisdiction of the court, and he becomes bound to obey its orders and directions in the matter of his petition, as well before as after a decree of bankruptcy. The mere filing his petition in conformity with the statute constitutes him a bankrupt, within the purview of the act, before passing the decree, or any action upon his petition on the part of court. It is otherwise in the case of a petition on the part of the creditors against a debtor to have him decreed a bankrupt. Such debtor, under the circumstances named in the act, is liable to be made a bankrupt, but, in contemplation of law, is made one only by the decree of the court.

The application of a volunteer not only gives the court jurisdiction over the person of the bankrupt, but also over his estate; and he is therefore required by the statute to annex to his petition an accurate inventory of all his property, of every name and description, applicable to the payment of his debts. His title to this property is not actually divested until the decree; but that, when passed, has relation back to the time of filing his petition, and retroactively divests his title from the time when the petition is presented. Between the time of the presentation of the petition and the decree, no person has any power of disposition over the property. The bankrupt surrenders it for the benefit of his creditors; and it is placed in the custody of the law for the use of those who may ultimately appear to have the right. It becomes therefore the duty of the court to protect and preserve the property for their benefit. It is held by the court in trust for the creditors. The bankrupt can have no legal right of control over it, if it is suffered to remain in his possession, other than that of a mere depositary for safe keeping; and the creditors, to whom it equitably belongs, have no control except what is exerted through the orders and agency of the court. And it therefore becomes clearly the right and duty of the court to interpose for the benefit of the creditors. The court may interpose by way of injunction to prevent any person from intermeddling with the property, or it may appoint a receiver to take the possession and hold it subject to its orders. In this very case, on the petition of some of the scheduled creditors, suggesting that part of the property was liable to loss from its perishable nature, and also to be wasted by the bankrupt, a receiver was appointed to take the possession for the purpose of preserving and protecting it, and to hold it subject to the orders of the court. This appeared to me to be so clearly within the power of the court, and so manifestly its duty, that it seemed to me that such an order would be made in a proper case almost as a matter of course.

That the court has the jurisdiction after the presentation of the petition, seems to me to be not only exceedingly clear in principle, but to be absolutely necessary to enable it to carry beneficially into effect the general provisions of the bankrupt law. Now upon what ground can it be exercised, except that other persons besides the bankrupt have, in this stage of the proceedings, an interest in the matter. It is not necessary to protect the rights of the bankrupt, and a court is never invested with jurisdiction for the sake of jurisdiction itself. Its powers are given to be exerted for the purposes of general justice, to protect the rights of individuals; and the jurisdiction is given in this instance for the benefit of creditors. If the court had not this power, what would be the situation of the estate in a case of voluntary bankruptcy during the interval between filing the petition and the decree. It would remain in the hands of the bankrupt, and might be wasted and disposed of at his pleasure, without any control from any quarter. The creditors could with no safety interpose to take it out of his possession by legal process; for all attachments would be dissolved by the decree and the costs thrown upon them. The bankrupt would be entirely without restraint either in the waste or disposal of his estate. In the case of waste, the creditors would be absolutely without remedy other than a right of action against an insolvent man. In case of sale, the court might indeed follow the property into the hands of a purchaser with notice, if it could keep on the track, through the dark and intricate labyrinths of secrecy and fraud. But this would be to the creditors an imperfect and expensive remedy. The law, I think, gives them one that is shorter and less onerous, by authorizing the court on their application to lay its hand on

the property, and sequester it for their benefit in the first instance.

If the creditors have an interest in the proceedings before a decree, it will follow that they have a right to intervene in some form for the protection of their interest. They must have a remedy. co-extensive with their right. And this I think, is an answer to that part of the argument, which is drawn from 7th section of the statute. That provides that, upon filing the petition, notice shall be given in the manner prescribed, "and all persons interested may appear at the time and place where the hearing is to be had, and show cause, if any they have, why the prayer of the petitioner should not be granted." It is argued that, the statute having given to the creditors the right to appear and make themselves parties in the cause for a particular purpose, this is an implied negation of their right to interpose for any other purpose. No such legislative intention, in my opinion, can be fairly inferred from the language of the statute. The act, as must be obvious to every one, who reads it with attention, considering the number and variety and importance of its provisions, is exceedingly brief and admirably condensed. With very few exceptions, it does not at all prescribe the course of procedure in detail. The 6th section gives the jurisdiction to the district court, and directs "the jurisdiction to be exercised summarily, in the nature of summary proceedings in equity." And for this purpose the court is invested with all the powers of a court of general equity jurisdiction over proceedings in bankruptcy. The law, having thus prescribed the general course of procedure, leaves the court to apply the known forms and processes of a court of equity to the matters and controversies arising under the act. The act provides for two distinct kinds of bankruptcy, voluntary and compulsory. It is only particular classes of persons that are liable to be made bankrupts against their will and by adverse proceedings, and those only on proof of particular acts commonly called "acts of bankruptcy." Under the English bankrupt system, a person becomes a bankrupt from the time of committing an act of bankruptcy; but, under the act of congress, in cases of compulsory bankruptcy he is considered as a bankrupt only from the time of the decree, and, by relation, from that of the filing the petition against him. This seems to me to be the clear result of the language of the act. It provides that "all persons being merchants," &c., "shall be liable to become bankrupts within the true intent and meaning of this act, and may on the petition of one or more creditors," &c., "to the appropriate court be so declared accordingly in the following cases," enumerating the acts of bankruptcy. It is not the act of bankruptcy, nor the petition of creditors that makes them bankrupts, within the true intent of the law, but it is the decree of the court upon the pe-

tition. But the decree has relation back to the filing of the petition, and after the decree they are bankrupts from the time when the petition is filed. Under the voluntary branch of the statute, any person may make himself a bankrupt. It provides that all persons whatsoever, with some qualification, which need not here be considered, who shall by petition, in the manner prescribed, apply "to the proper court for the benefit of this act, and therein declare themselves to be unable to meet their debts and engagements, shall be deemed bankrupts within the purview of this act and may be so declared accordingly by the decree of such court." Section 1. No previous act of bankruptcy is required as a ground of proceeding. A mere declaration of insolvency is sufficient. The simple presentation of the petition in the manner directed by the statute is an act of bankruptcy, and constitutes the petitioner a bankrupt before any decree or any action of the court is had on the petition. The language of the statute is peculiar and strong. It is not said that the petitioner shall be liable to become a bankrupt as in the case of compulsory bankruptcy, but that on his application, and the presentation of his petition, he shall be deemed a bankrupt, within the purview of the act. It is therefore his own act, and not the decree of the court, that makes him a bankrupt.

This view of the law furnishes an answer to another part of the argument, that under the voluntary branch of the statute no person can be made a bankrupt by any adverse action on the part of creditors, and therefore that they cannot intervene for the purpose of moving for a decree. But, if this view of the statute is correct, no decree is necessary for that purpose, because he is made a bankrupt by his own act before a decree. But it is said that it is the petitioner in this case that asks for the action of the court: that he comes in as a volunteer, and has the same right as a petitioner or plaintiff in any other case to withdraw his appearance and discontinue his suit. But in all cases a party coming as a volunteer into court, in a matter where others may have an interest, must move for liberty to discontinue, and when other parties have acquired an interest in the proceedings, the court will either grant the liberty on terms, or refuse it altogether, as justice may require. Now a volunteer petitioner for the benefit of the bankrupt act comes into court, and asks to be discharged from debts, and, in order to obtain this benefit, submits himself to the jurisdiction of the court, and presents all his property to be administered in bankruptcy for the benefit of his creditors. This act alone makes him a bankrupt, and at the same time places all his property beyond the reach of his creditors, except as they may receive it through the court, under whose control it is placed. Nothing can be clearer, then, than that the creditors have an interest in the proceedings

from the moment that the petition is filed. It is only through these proceedings that they can get anything for their debts; nor can the court make the property available for them until a decree of bankruptcy is passed and an assignee appointed. Suppose the petitioner should choose not to proceed with his petition, but let it remain in suspense, with his property thus locked up from his creditors. Should he be permitted thus to hold them at bay according to his own pleasure, that he may negotiate with them on that vantage ground, and impose such terms as he pleases? I think not. He has chosen his part, and he cannot be bankrupt or not at his own pleasure, or as he may find it convenient. He has brought his creditors here to seek such satisfaction for their demands as his estate will give, and, having by his own free choice brought them here, in this court they have rights as well as he. If he does not choose to proceed, they may intervene for their own interest to speed the cause by a motion for a decree, or for the appointment of an assignee, or for any other matter necessary for the protection of their rights. My opinion is that a voluntary bankrupt cannot withdraw his petition at his own pleasure. In the case of Randall [Case No. 11,-550], it was decided by the circuit court that proceedings in such a case may be stayed on the motion of the petitioner, on good cause, before a decree of bankruptcy. In that case the cause shown was that he had settled with all his creditors, and no person appeared to object. But the reasoning of the court clearly implies that he cannot withdraw without showing good reason. In this case he alleges only that he has settled with nearly all.